IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Deron Andrew Scott,**

        **Petitioner,**

v.                                                                    Case No. 16-3015-JWL

**Claude Maye,**

        **Respondent.**

**MEMORANDUM & ORDER**

Deron Andrew Scott, a federal prisoner appearing pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. The petition raises one claim—that the Bureau of Prisons ("BOP") failed to award him prior custody credit for the time he spent in federal custody awaiting sentencing from April 29, 2011 through June 12, 2012. After he filed his petition, and based on new evidence submitted by petitioner to the BOP, the BOP prepared an updated sentence computation for Mr. Scott and awarded Mr. Scott credit from April 30, 2011 through June 12, 2012. The government, then, asserts that the vast majority of Mr. Scott's petition is moot and the only remaining dispute is whether Mr. Scott is entitled to credit for the day of April 29, 2011. With respect to that day, the government contends that the court should deny the petition because that day was credited toward Mr. Scott's Missouri state sentence.

The record undisputedly demonstrates that the BOP has now awarded Mr. Scott credit from April 30, 2011 through June 12, 2012 and Mr. Scott does not dispute that fact in his reply brief. This portion of Mr. Scott's habeas petition, then, is dismissed as moot. *See Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (habeas petition is moot when it no longer presents a

case or controversy); *Solomon v. Shartle*, 2012 WL 6196452, at *2 (D.N.J. 2012) (BOP's award of prior custody credit rendered petition moot); *Robinson v. Ledezma*, 2009 WL 414061, at *2 (W.D. Okla. 2009) (where BOP credited custody time and recalculated release date after filing of petition, dismissing petition as moot in the absence of any showing that any direct or collateral consequences survived the BOP's adjustment).

The court turns, then, to the issue of whether Mr. Scott is entitled to credit towards his sentence for April 29, 2011. The record reflects that Mr. Scott, in November 2010, while on state parole supervision in Missouri, was arrested by Missouri state officials for numerous state offenses. The conduct underlying the state arrest also resulted in federal charges. At that time, Mr. Scott remained in the custody of the Missouri Department of Corrections (MDOC) on the state parole violation. In February 2011, Mr. Scott was transferred to federal custody pursuant to a federal writ. While he was in the physical custody of the federal government, the State of Missouri retained primary jurisdiction. It is undisputed that Mr. Scott would have been released to parole on April 29, 2011 by the Missouri Department of Corrections had he not been in federal custody at that time. In recalculating Mr. Scott's sentence, the BOP awarded Mr. Scott credit beginning on April 30, 2011, the date after the MDOC's presumptive parole date. The BOP did not award prior custody credit for April 29, 2011, the presumptive parole date, because that date would have been credited toward his Missouri state sentence.

This determination was correct. The pertinent statute requires that a defendant be given credit toward the service of a term of imprisonment only if that time "has not been credited against another sentence." 18 U.S.C. § 3585(b). The record reflects that the time that Mr. Scott spent in custody in the state of Missouri through and including April 29, 2011 was credited

toward his state sentence. As such, the BOP properly did not credit that time toward Mr. Scott's federal sentence. *See United States v. Simpson*, 525 Fed. Appx. 733, 735 (10th Cir. May 14, 2013) (BOP was correct in not crediting against federal sentence time spent serving a sentence issued by State of Arizona); *see also United States v. Wilson*, 503 U.S. 329, 337 (1992) ("Congress made clear in enacting § 3585(b) that a defendant could not receive a double credit for his detention time.").

For the foregoing reasons, Mr. Scott's petition is dismissed as moot in part and denied in part and this action is dismissed with prejudice.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Scott's petition for relief under 28 U.S.C. § 2241 is dismissed as moot in part and denied in part and this action is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated this 6th day of April, 2016, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge